IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2064-FL

| | | |
|---|---|---|
| WILLIE DEROD BEALE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (DE 11). The motion was fully briefed. Also before the court is petitioner's motion to supplement (DE 16), to which respondent did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants petitioner's motion to supplement and respondent's motion to dismiss.

**STATEMENT OF THE CASE**

On December 15, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, in the United States District Court for the Eastern District of North Carolina to attempted robbery of a business in interstate commerce and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (count one). United States v. Beale, No. 4:10-cr-49-FL-3 (E.D.N.C. Dec. 15, 2010). Petitioner also pleaded guilty to using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two). Id. On June 2, 2011, the court sentenced petitioner to a 29 month term of imprisonment for count one and a 120

month term of imprisonment for count two, to be served consecutively. Id. (June 2, 2011). Petitioner did not file a direct appeal.

On August 13, 2012, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. In his § 2255 motion, petitioner raised two claims of ineffective assistance of counsel asserting that his counsel failed to properly investigate and failed to apply governing precedent to his case. Id. (Aug. 13, 2012, pp. 4-5.) With respect to his second ineffective assistance of counsel claim, petitioner contended that had his counsel properly researched applicable precedent regarding the law of aiding and abetting, his counsel would have discovered that petitioner could not have been convicted of aiding and abetting because there was insufficient evidence to show that petitioner's role in the armed robbery attempt surpassed "mere knowledge" of his co-defendants' plan. The sentencing court referred petitioner's § 2255 motion to Magistrate Judge William A. Webb pursuant to 28 U.S.C. § 636(b)(1) for a memorandum and recommendation ("M&R"). On January 8, 2013, the magistrate judge issued a M&R recommending that petitioner's § 2255 motion be denied. Id. (Jan. 8, 2013). On March 25, 2013, the sentencing court entered an order adopting the magistrate judge's recommendation and denied petitioner's § 2255 motion. Id. (Mar. 25, 2013).

On July 17, 2013, petitioner filed a notice of appeal of the sentencing court's denial of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit. In the interim, petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which the sentencing court denied. Then, on December 23, 2013, the Fourth Circuit entered an order dismissing petitioner's appeal. See United States v. Beale, No. 13-7128 (4th Cir. Dec. 23, 2013).

On April 7, 2014, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241,

2

Case 5:14-hc-02064-FL   Document 17   Filed 07/02/15   Page 2 of 6

challenging his conviction pursuant to 18 U.S.C. § 924(c) in light of the United States Supreme Court's decision in Rosemond v. United States, 134 S.Ct. 1240 (2014), which holds that, to aid and abet a firearm offense in violation of 18 U.S.C. § 924(c), a defendant must have advance knowledge that the firearm will be used or carried. Id. at 1249.

On November 17, 2014, respondent filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion was fully briefed and petitioner subsequently filed a motion to supplement.

## DISCUSSION

A.   Motion to Supplement

Petitioner filed a motion to supplement his § 2241 petition with the following case: United States v. Greene, No. 14-C-431, 08-CR-124, 2015 WL 347833 (E.D. Wis. Jan. 23, 2015). For good cause shown, petitioner's motion is GRANTED.

B.   Motion to Dismiss

   1.   Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the

3

same procedural motion as he would receive under a Rule 12(b)(6) consideration." Id. "[A]ll facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When a respondent challenges the factual predicate of subject matter jurisdiction, a court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations" without converting the matter to summary judgment. Adams, 697 F.2d at 1219; Kerns, 585 F.3d at 192.

    2.    Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his conviction and sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying his conviction for using and carrying a firearm during and in relation to a crime of violence and aiding and abetting pursuant to 18 U.S.C. § 924(c) no longer is criminal. Thus, petitioner has not satisfied the Jones criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.[1]

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Additionally, the Supreme Court has not made its holding in Rosemond retroactive on collateral review. See Cardena-Sosa v. United States, No. 3-03-CR-31-10, 2015 WL 2131306, at *9 (N.D. W. Va. May 6, 2015); Rainwater v. Werlich, 14-CV-761, 2014 WL

---

[1] The court notes that even if petitioner could proceed with his Rosemond claim pursuant to § 2241, he would not be entitled to relief. The Court in Rosemond held that the standard for showing that a defendant aided and abetted a § 924(c) offense requires that the government prove that "the defendant actively participated in the underlying . . . violent crime with *advance knowledge* that a confederate would use or carry a gun during the crime's commission." Rosemond, 134 S.Ct. at 1243 (emphasis added). As stated in the magistrate judge's M&R on petitioner's § 2255 motion, there is evidence in the record to establish that petitioner and his co-defendants planned and attempted to execute an armed robbery, and at least some evidence that petitioner, himself, was armed. United States v. Beale, No. 4:10-cr-49-FL-3 (E.D.N.C. Jan. 8, 2013). Consequently, the magistrate judge determined that petitioner's role in the offense went well beyond "mere knowledge" and that petitioner was guilty of the offenses to which he pled. Id. Additionally, Rosemond involved the direct appeal of a conviction where the government did not prove at trial that the defendant knew an accomplice would use or carry a firearm, Rosemond, 134 S.Ct. at 1249, whereas, in this case, petitioner pleaded guilty to the § 924(c) offense.

4218346, at *2 (W.D. La. Aug. 25, 2014).² Thus, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, petitioner's motion to supplement (DE 16) is GRANTED. Respondent's motion to dismiss (DE 11) also is GRANTED, and the action is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

² The court notes petitioner has cited to one district court case that has held that Rosemond should apply retroactively, at least for the purposes of a § 2255 petition. See United States v. Greene, No. 14-C431, 2015 WL 347833, at *1 (E.D. Wis. Jan. 23, 2015). However, the Eastern District of Wisconsin's ruling in Greene is not binding on this court and the government in that case conceded to retroactivity. Id.